UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ray Edward Wells,<br>*aka Ray Anthony Wells*, *Ray Wells*,<br><br>Plaintiff,<br><br>vs.<br><br>Defendant S.C.D.C.; Defendant S.C.D.C. Employee Thomas Byrne, M.D., A.C.I.; Defendant S.C.D.C. Employee P. Derrick, Head Nurse, A.C.I.; Defendant S.C.D.C. Employee George T. Hagan, Warden, A.C.I.; Defendant S.C.D.C. Janie Phillips, Medical Director; Defendant S.C.D.C. Jon Ozmint, Director; Names of all Defendants the suit is against individually in their official capacities,<br><br>Defendants. | C/A No.: 8:10-2405-CMC-BHH<br><br>Report and Recommendation |

The plaintiff, Ray Edward Wells ("Plaintiff"), files this *pro se* case pursuant to 42 U.S.C. § 1983. Plaintiff complains that he suffered cruel and unusual punishment in violation of the Eighth Amendment while he was incarcerated at Allendale Correctional Institution ("A.C.I."). As Plaintiff has filed this case outside of the statute of limitations, this case should be summarily dismissed.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

Plaintiff alleges injuries as a result of intentional and negligent acts of Defendants while he was incarcerated at A.C.I., where he served time from August, 2005 until

January, 2007. *See* Plaintiff's Answers to the Court's Special Interrogatories, ECF No. 16. Plaintiff complains that prison personnel did not respond within four minutes to complaints of leg numbness that resulted from a fall down concrete steps. *See* Complaint, ECF No. 1 at 3. Plaintiff also complains that he was improperly assigned a top bunk, from which he fell, resulting in an injury to his back and head. *See* Complaint, ECF No. 1 at 4. Plaintiff asserts that both of these injuries were due, at least in part, to medication he was improperly given at A.C.I. *Id.* Plaintiff further complains that Defendants exhibited deliberate indifference to his allegedly serious medical needs when he attempted to seek treatment for his injuries. *See* Complaint, ECF No. 1 at 7.

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271(1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). As an initial matter, however, this case is subject to summary dismissal because it was filed after the expiration of the statute of limitations.

As § 1983 does not contain an express statute of limitations, state law concerning limitation of actions applies in these claims. *See Wilson v. Garcia*, 471 U.S. 261, 266 (1985); *see also Burnett v. Grattan*, 468 U.S. 42 (1984); and *Owens v. Okure*, 488 U.S.

235 (1989). In South Carolina, the statute of limitations is generally three years for claims arising after April 5, 1988. *See* S.C. Code Ann. § 15-3-530. This statute of limitations has been held to be the applicable statute of limitations for § 1983 claims. *See Huffman v. Tuten*, 446 F.Supp.2d 455 (D.S.C. 2006). Additionally, a cause of action which is subject to the South Carolina Tort Claims Act must be filed within two years after the date the loss was or should have been discovered, where a claim was not filed within one year of the alleged incident. S.C.Code Ann. § 15-78-110. Plaintiff's allegations concerning his injuries are barred by the applicable statute(s) of limitations. The alleged incidents concerning his injuries and related claims all occurred more than three years prior to the filing of this action.

The federal courts also look to state law to determine tolling provisions for statutes of limitations in § 1983 cases. *See Wade v. Danek Medical, Inc.,* 182 F.3d 281, 289 (4th Cir. 1999). The relevant tolling statute, S.C. Code Ann. § 15-3-100, states that "[w]hen the commencement of an action shall be stayed by injunction or statutory prohibition the time of the continuance of the injunction or prohibition shall not be part of the time limited for the commencement of the action." In fact, such a statutory prohibition operates in prisoner cases brought under § 1983. The PLRA states that "[n]o action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In the instant case, Plaintiff has provided his prison grievance forms, which indicates that his administrative remedies were exhausted as of June 15, 2007. *See* Attachment No. 1 to the Complaint, ECF No. 1. Therefore, the statute of limitations began to run, at the latest, on June 15, 2007. However, Plaintiff did not file this case until more than three years had lapsed, on September 17, 2010.

4

Motion for Injunctive Relief

Plaintiff has submitted a piece of paper which has been docketed as a "Motion for Temporary Restraining Order and Permanent Injunction Order." ECF No. 4. It is difficult to determine from the document exactly what relief Plaintiff requests; however, it appears to be a request for an order to show cause against the defendants named in the instant complaint.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 129 S.Ct. 365, 374 (2008). Plaintiff has failed to establish even the first prong of this test, as the motion is based on a case which is now subject to summary dismissal.

Recommendation

Accordingly, it is recommended that the District Judge dismiss the complaint in the above-captioned case without prejudice and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). *See also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). It is further recommended that the Motion at ECF No. 4 be **denied**. **Plaintiff's attention is directed to the important notice on the next page.**

                                                              s/Bruce Howe Hendricks
                                                              United States Magistrate Judge

November 18, 2010
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).